**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

LUIS MEJIA and
DEANNA MEJIA,

      Plaintiffs,

v.                              Case No. _____

RIGHTWAY FUNDING LLC,

      Defendant.

---

Plaintiffs Luis Mejia and Deanna Mejia sue Defendant Rightway Funding, LLC, and allege:

## Introduction

1.     This is an action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").

2.     The TCPA was enacted to prevent companies like Defendant from invading American citizens' privacy and to prevent abusive "robocalls."

3.     The TCPA's sponsor, Senator Hollings, urged Congress to pass the TCPA stating, "[t]hese machines are out of control, and their use is growing by 30 percent every year. It is telephone terrorism, and it has got to stop." 137 Cong. Rec. at S16205. Describing the specific consumer interests the TCPA was intended to protect, Senator Hollingsworth said: "I echo Supreme Court Justice Louis Brandeis, who wrote 100 years ago that 'the right to be left alone is the most comprehensive of rights and the one most valued by civilized man." 137 Cong. Rec. at S16205.

4.     "Senator Hollings presumably intended to give telephone subscribers another option: telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1256 (11th Cir. 2014).

5.     Yet, still today, according to the Federal Communications Commission (FCC), "Unwanted calls are far and away the biggest consumer complaint to the FCC with over 200,000 complaints each year – around 60 percent of all the complaints [the FCC] receive[d]. Some private analyses estimate that U.S. consumers received approximately 2.4 billion robocalls per month in 2016." https://www.fcc.gov/about-fcc/fcc-initiatives/fccs-push-combat-robocalls-spoofing.

6.     As the Seventh Circuit Court of Appeals wrote: "No one can deny the legitimacy of the state's goal: Preventing the phone (at home or in one's pocket) from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious." *Patriotic Veterans v. Zoeller*, 845 F.3d 303, 305-06 (7th Cir. 2017).

## Jurisdiction, Venue and Parties

7.     This Court has original jurisdiction over Plaintiffs' claim arising under the TCPA pursuant to 28 U.S.C. § 1331.

8.     Personal jurisdiction exists over Defendant as it has the necessary minimum contacts with the State of Florida, this suit arises out of Defendant's specific conduct with Plaintiffs in Florida, and Plaintiffs were injured in Florida.

9.     Venue is appropriate in the United States District Court for the Middle District of Florida, Fort Myers Division, pursuant to 28 U.S.C. § 1391, as the events giving rise to Plaintiffs' claims occurred in Lee County, Florida.

10.    Plaintiffs are natural persons, and citizens of the State of Florida, residing in Lee County, Florida.

11.    Plaintiffs are the "called party." *See Breslow v. Wells Fargo Bank, N.A.*, 755 F.3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

12.    Defendant Rightway Funding, LLC is a limited liability company organized in the State of Florida, with its principal place of business located at 600 Corporate Dr. Suite 105, Fort Lauderdale, Florida 33301, and which conducts business in the State of Florida through its registered agent, Francis Schreiber, located at 5237 Summerlin Commons, Suite 400, Fort Myers, Florida 33907.

### General Allegations

13.    Luis Mejia is the subscriber and regular user of the cellular telephone numbers (239) ***-1486 and was the called party and recipient of Defendant's calls.

14.    Deanna Mejia is the subscriber, regular user and carrier of the cellular telephone number (239) ***-0620, and was the called party and recipient of Defendant's calls.

15.    Defendant placed more than 60 solicitation and telemarketing calls to Plaintiffs' cellular telephone (239) ***-1486 and (239) ***-0620.

16.    Upon receipt of the calls from Defendant, Plaintiffs' caller ID identified the calls were being initiated from, but not limited to, the following telephone number: (850) 845- 0620.

17.    On several occasions since Defendant's campaign of telephone calls began, Plaintiffs instructed Defendant's agents to stop calling their cellular telephone numbers.

18.    In or around September 2018, Deanna Mejia answered a call from Defendant to the aforementioned cellular telephone number ending -0620. Plaintiff Deanna Mejia spoke to Defendant's agent/representative and informed that agent/representative that she was not

interested in the services Defendant was offering her and she did not want Defendant to call her again. But the calls did not stop.

19.    In or around September 2018, Luis Mejia answered a call from Defendant to the aforementioned cellular telephone number ending -1486. Plaintiff Luis Mejia spoke to Defendant's agent/representative and informed that agent/representative that he was not the party they were calling for and that he was not interested in their services. Luis Mejia demanded that they stop calling his cellular telephone number. But the calls did not stop.

20.    Each subsequent call Defendant made to Plaintiffs' aforementioned cellular telephone number was knowing and willful and made without Plaintiffs' "express consent."

21.    Despite Plaintiffs clearly and unequivocally revoking any consent Defendant may have believed it had to call Plaintiffs on their cellular telephone numbers, Defendant continued to place automated calls to Plaintiffs.

22.    Plaintiffs each instructed Defendant to stop calling their respective cell phones on several other occasions.

23.    Plaintiffs' numerous conversations with Defendant's agents/representatives over the telephone, wherein they demanded cessation of calls, were in vain as Defendant continued to bombard them with automated calls unabated.

24.    Each call Defendant made to Plaintiffs' aforementioned cellular telephone numbers was knowing and willful and made without Plaintiffs' "express consent."

25.    Some or all of the calls Defendant made to Plaintiffs' cellular telephone numbers were made using an "automatic telephone dialing system" as specified by 47 U.S.C. § 227(a)(1).

26.    Plaintiffs received a large number of telephone calls from Defendant.

27.    A large volume and frequency of calls is indicative the calls were made from an ATDS. *See, e.g., Cummings v. Rushmore Loan Mgmt. Serv.*, No. 8:17-cv-1652-T-33MAP, 2017 U.S. Dist. LEXIS 177619, at *2 (M.D. Fla. Oct. 26, 2017) (explaining that a large number and frequency of calls is indicative of an ATDS).

28.    During one call, Defendant's agent told Plaintiff Luis Mejia that the calls were made using an "automated calling list".

29.    Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to call individuals just as it did to call Plaintiff's cellular telephone in this case.

30.    Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to call individuals just as it did to call Plaintiffs cellular telephone numbers in this case, with no way for the consumer, Plaintiffs, or Defendant, to remove the number.

31.    Defendant's corporate policy is structured so as to continue to call individuals like Plaintiffs, despite these individuals explaining to Defendant they wish for the calls to stop.

32.    Defendant's corporate policy provided no means for Plaintiffs to have their numbers removed from Defendant's call list.

33.    Not a single call placed by Defendant to Plaintiffs was placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

34.    Defendant willfully or knowingly violated the TCPA with respect to Plaintiffs.

35.    From each and every call Defendant placed to Plaintiffs' cellular telephone numbers without consent, Plaintiffs suffered the injury of invasion of privacy and the intrusion upon their right of seclusion.

36.    From each and every call Defendant placed to Plaintiffs' cellular telephone numbers without consent, Plaintiffs suffered the injury of occupation of their cellular telephone lines and cellular telephone numbers by unwelcome calls, making their telephones unavailable for legitimate callers or outgoing calls while their telephone was ringing from Defendant's calls.

37.    From each and every call Defendant placed to Plaintiffs' cellular telephone numbers without consent, Plaintiffs suffered the injury of unnecessary expenditure of their time. For calls they answered, the time they spent on the call was unnecessary as they repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiffs had to waste time to unlock their telephones and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiffs' cellular telephone numbers, which are designed to inform the users of important missed communications.

38.    Each and every call Defendant placed to Plaintiffs' cellular telephone numbers without consent was an injury in the form of a nuisance and annoyance to Plaintiffs. For calls that were answered, Plaintiffs had to go through the unnecessary trouble of answering them. Even for unanswered calls, Plaintiffs had to waste time to unlock the telephones and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiffs' cellular telephones, which are designed to inform the user of important missed communications.

39.    Each and every call Defendant placed to Plaintiffs' cellular telephone numbers without consent resulted in the injury of unnecessary expenditure of Plaintiffs' cellular telephone's battery power.

40.    Each and every call Defendant placed to Plaintiffs' cellular telephone numbers without consent where a voice message was left, occupied space in Plaintiffs' telephones or networks.

41.    Each and every call Defendant placed to Plaintiffs' cellular telephone numbers without consent resulted in the injury of a trespass to Plaintiffs' chattels, namely their cellular telephone numbers and their cellular telephones services.

42.    As a result of the calls described above, Plaintiffs suffered an invasion of privacy. Plaintiffs were also affected in a personal and individualized way by stress and aggravation from having to deal with Defendant's numerous unwanted telephone calls.

## <u>COUNT I</u>
### (Violation of the TCPA as to Plaintiff Luis Mejia)

43.    Plaintiffs restate and incorporate the allegations in paragraphs 1 through 42 as if fully set forth herein.

44.    Defendant willfully violated the TCPA with respect to Plaintiff Luis Mejia, especially for each of the autodialer calls made to Plaintiff's cellular telephone number after Plaintiff notified Defendant that he wished for the calls to stop.

45.    Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone number ending -1486 using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C. § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff Luis Mejia respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
### (Violation of the TCPA as to Plaintiff Deanna Mejia)

46.     Plaintiffs restate and incorporate the allegations in paragraphs 1 through 42 as if fully set forth herein.

47.     Defendant willfully violated the TCPA with respect to Plaintiff Deanna Mejia, especially for each of the autodialer calls made to Plaintiff's cellular telephone number after Plaintiff notified Defendant that she wished for the calls to stop.

48.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone number ending -0620 using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C. § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff Deanna Mejia respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

Respectfully submitted,

*/s Joshua R. Kersey*
Joshua R. Kersey
Florida Bar No. 87578
MORGAN & MORGAN, PA
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 225-5505
Facsimile:  (813) 222-2490
JKersey@ForThePeople.com
JessicaK@ForThePeople.com
*Attorney for Plaintiff*